UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-70-B-W-01 |
| | ) | |
| SARAH L. BELLOWS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR SENTENCING MODIFICATION**

Upon motion of the Defendant and concurrence of the Government, the Court grants Sarah L. Bellows' motion for sentencing modification under the amended sentencing guidelines for possession of cocaine base and reduces her term of incarceration from 121 to 120 months, the statutory minimum.

**I.    DISCUSSION**

**A.    The May 25, 2004 Sentence**

On May 25, 2004, the Court sentenced Sarah L. Bellows to 121 months incarceration for possession with the intent to distribute 50 or more grams of cocaine base, a violation of 21 U.S.C. § 841(a)(1). Because Ms. Bellows possessed 61.5 grams, she was subject to a statutory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A). With a criminal history category of IV and a total offense level of 29, her guideline sentence range was between 121 and 151 months. U.S.S.G. Ch. 5, Part A. The Court sentenced Ms. Bellows to the low end of the range.

**B.    The Guideline Modifications**

Effective November 1, 2007, the United States Sentencing Commission modified the sentencing guideline ranges for crack cocaine, U.S.S.G. Supplement to App. C, Amend. 706 (Nov. 1, 2007), and effective March 3, 2008, the Commission made those amendments

retroactive. U.S.S.G. Supplement to the Guidelines Manual, Amend. 713 (March 3, 2008) ("The Commission has determined that Amendment 706, as amended by Amendment 711, should be applied retroactively . . . ."). The amended guideline allows a court to reduce a defendant's sentence where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . ." U.S.S.G. § 1B1.10(a)(1). The court may do so "as provided by 18 U.S.C. § 3582(c)(2) . . . [and in a manner] consistent with this policy statement." *Id.*

### C. The Newly Calculated Sentencing Range

The Guidelines emphasize that application of the amended provisions does "not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). The Court is directed first to recalculate the guideline range that would have been applicable to the defendant if the amendments had been in effect when the defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). The parties agree that Ms. Bellows' base offense level would drop from Level 32 to Level 30. After a three level reduction for acceptance of responsibility, this results in reduction in the total offense level from 29 to 27, resulting in a guideline range reduction from 121 to 151 months to 100 to 125 months. U.S.S.G. Ch. 5, Part A. The bottom of the range, however, is frozen by the 120 month statutory mandatory minimum, resulting in a guideline range of 120 to 125 months.[1] U.S.S.G. § 5G1.1(c)(2).

### D. Statutory and Guideline Considerations

If application of the amended guidelines results in a lower sentence, the statute requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) and the Commission's policy

---

[1] Ms. Bellows wrote the Court on October 20, 2006, and again on February 8, 2008, and her mother, Lynda Parker, wrote on February 11, 2008, urging leniency and a reduction far below the statutory minimum of 120 months. Ms. Bellows and Ms. Parker are under the misimpression that the Court has more authority than it does. Under the statute, given the drug quantity involved, the Court must impose a sentence of no less than 120 months. 21 U.S.C. § 841(b)(1)(A).

2

statements. 18 U.S.C. § 3582(c)(2). In addition to the statutory factors, the guidelines require the Court to consider public safety, including the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 App. Note (1)(B)(ii)-(iii).

Ms. Bellows' crime was serious. She possessed a substantial amount of cocaine base, and she admitted that she was addicted to this drug and had been selling it to support her habit. She committed this offense while she was on probation on a non-drug-related state offense. Her criminal history is Category IV, significant for a person who at the time of this offense was twenty-three years old. Her post-sentencing conduct has not been ideal. She violated prison rules three times and has been sanctioned for each violation. At the same time, she has been employed by the prison and completed her financial responsibility obligations as of March 13, 2005.

With all this, the available reduction is only one month, and if the Guidelines had justified a sentencing range of 120 to 125 months at the original sentencing, the Court would have imposed a sentence of 120 months. Despite her unfortunate criminal history, some legitimate safety concerns if Ms. Bellows returns to her prior life of drug addiction and criminal conduct, and an equivocal pattern of conduct while incarcerated, the Court concludes that the penalty of 120 months remains a serious and appropriate one. The Court was convinced at the time of sentencing and remains convinced that Ms. Bellows has a considerable amount of potential and if she is able to gain control of her addictions, she could accomplish a great deal. In any event, all of the sentencing goals of 18 U.S.C. § 3553(a) would be no less accomplished by a sentence of 120 months than by her current sentence of 121 months. In arriving at this

conclusion, the Court has been assisted by Ms. Bellow's memorandum and has taken into account the Government's acquiescence to a reduced period of incarceration.

## II.     CONCLUSION

Having reviewed the statutory factors of 18 U.S.C. § 3553(a) and the policy factors of the guidelines, in accordance with 18 U.S.C. § 3582(c)(2), the Court ORDERS that the sentence of imprisonment for Sarah L. Bellows reduced from 121 months to 120 months.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2008